Dear Mr. Ford:
You have requested an opinion of the Attorney General regarding the legality of a retroactive salary increase granted by the Town Council to the Town Clerk. You also ask whether the Mayor can establish and collect fees for making copies of public records and, if so, whether members of the Board of Aldermen are exempt from the payment thereof.
As you note in your request, a judgment was rendered by the Seventh Judicial District Court regarding the Clerk's salary. The judgment provides for the reduction of the monthly salary, and the reimbursement of salary paid in excess of $1,200 per month. This judgment is currently being appealed.
It has, and continues to be, the policy of this office not to issue opinions on matters that are currently in litigation. Accordingly, a discussion of your first question relating to the Clerk's salary increase is pretermitted. We turn now to your second question.
The authority of a custodian of public records to charge fees for the reproduction of same is found at R.S.44:32(C)(1)(a). It provides:
 C. (1)(a) For all public records, except public records of state agencies, it shall be the duty of custodian of such public records to provide copies to persons so requesting. The custodian may establish and collect reasonable fees for making copies of public records. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state.
As can be gleaned from the above, the Mayor, as custodian, may establish and collect reasonable fees for making copies of public records.
In Attorney General Opinion No. 94-438, we addressed the issue of whether a city alderman would be exempt from the payment of fees assessed for certain reports generated by the city's fire chief. Citing the above quoted statutory provision, we concluded:
 The law allows the custodian to charge a reasonable fee for providing a copy of a public record to a requestor. Finally, we find no provision which would exempt you from paying this charge based upon the fact that you are a municipal officer.
Accordingly, it is the opinion of this office that it is within the Mayor's discretion to assess a reasonable fee to offset the cost of duplicating public records. Further, it is our opinion that R.S. 44:32(C)(1)(a) does not exempt members of the Board of Aldermen from the payment of said fee.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj